UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES BRADLEY BAILEY,            )<br>                                              )<br>            Plaintiff,                   )<br>    vs.                                     )<br>                                              )<br>AURORA LOAN SERVICES, LLC, et al., )<br>                                              )<br>            Defendants.             )<br>                                              ) | Case No.: 2:10-cv-02119-GMN-PAL<br><br>**ORDER** |

   Pending before the Court is Defendants Aurora Loan Services, LLC and Mortgage Electronic Registration System's (collectively, "Defendants") Motion to Dismiss (ECF No. 6). Plaintiff has filed a Response (ECF No. 16), to which Defendants filed a Reply (ECF No. 17). For the reasons that follow, Plaintiff's federal causes of action will be DISMISSED with leave to amend, Plaintiff's state-law claims will be DISMISSED without prejudice, and all remaining motions will be DENIED as moot.

**I.    BACKGROUND**[1]

   Plaintiff obtained a loan and entered into a Deed of Trust in April of 2005. (*See* Compl. ¶ 3, ECF No. 1.) Plaintiff is listed as the Borrower on the Deed of Trust, Aegis Wholesale Corporation is listed as the Lender, Lawyers Title of Nevada, Inc. is listed as the Trustee, and Mortgage Electronic Registration System ("MERS") is listed as the Nominee. (Ex. B, Mot. to Dismiss, ECF No. 6-2.)

   Plaintiff filed his Complaint (ECF No. 1) in this Court on December 6, 2010. Plaintiff does not articulate why this Court has subject matter jurisdiction, but he appears to be bringing the case on the basis of federal question jurisdiction, as the Fourth Cause of Action

---

[1] The Court will take judicial notice of the public records adduced by Defendants. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

contains allegations that Defendants violated the Truth in Lending Act ("TILA") and the Fifth Cause of Action contains allegations that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff does not plead diversity jurisdiction, nor does he list the citizenship of each party.

Plaintiff named as Defendants Aurora Loan Servicing, Cal-Western, Aegis Wholesale Corporation, and MERS, alleging: (1) Declaratory Relief; (2) Injunctive Relief; (3) Contractual Breach of Good Faith and Fair Dealing; (4) Violations of TILA; (5) Violations of RESPA; (6) Rescission; (7) Unfair and Deceptive Acts and Practices; (8) Breach of Fiduciary Duty; (9) Unconscionability; (10) Predatory Lending; (11) Quiet Title; and (12) Lack of Standing. (*See* Compl., ECF No. 1.) Defendants Cal-Western and Aegis Wholesale Corporation do not appear to have been properly served and have, therefore, not yet made an appearance in this lawsuit.

## II.   DISCUSSION

### A.   Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all

material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**B.  Federal Claims**

The only federal claims contained in the Complaint arise under TILA and RESPA. These are the only claims over which the Court has original jurisdiction.

1.  <u>TILA Claims</u>

Plaintiff alleges that Defendant Aurora Loan Servicing violated TILA because it "failed to issue TILA initial disclosures as mandated"; "failed to provide Plaintiffs with a correct payment schedule, a properly disclosed interest rate, an accurate Good Faith Estimate or a disclosure relating to Property/Hazard Insurance"; and failed to supply Plaintiffs with a "CHARM booklet." (Compl. ¶¶ 63, 64, & 66, ECF No. 1.) Plaintiff makes no TILA claim against MERS.

TILA imposes a one-year statute of limitations within which a claim for damages "may be brought." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

Equitable tolling may nonetheless apply in certain circumstances and can operate to suspend the limitations period until the borrower discovers or has reasonable opportunity to discover the fraud or non-disclosure that form the basis of the TILA action. *See King*, 784 F.2d at 914-15.  However, such equitable tolling is only appropriate when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  Equitable tolling does not apply when the plaintiff fails to allege facts demonstrating that she could not have discovered the alleged violations by exercising reasonable diligence. *Copeland v. Lehman Bros. Bank*, No. 09cv1774-WQH-RBB, 2011 WL 9503, *6 (S.D. Cal. Jan 3, 2011). Additionally, where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

Here, Plaintiff filed this lawsuit over five years after the consummation of the underlying transaction and has pleaded no facts indicating that Defendant Aurora--or any other Defendant--prevented Plaintiffs from discovering the alleged TILA violations or caused Plaintiff to allow the filing deadline to pass.  Although Plaintiff claims that the statute of limitations was "tolled due to Defendants' failure to effectively provide the required disclosures and notices" (Compl. ¶ 65, ECF No. 1), Plaintiff does not explain why he could not have discovered these alleged TILA violations by exercising reasonable diligence. Accordingly, Plaintiff's TILA damages claim is time-barred and will be dismissed.

To the extent that Plaintiff's Sixth Cause of Action for Rescission is premised on TILA violations, that claim must also be dismissed, as a TILA rescission claim has a three-year statute of limitations that is not subject to equitable tolling. *See Birk v. Gateway Funding Corp.*, No. CIV S-10-1039-MCE-CMK, 2011 WL 590865, at *5 (E.D. Cal. Feb. 10, 2011).

Furthermore, Plaintiff may not maintain its TILA claims against Defendant

Aurora because Plaintiff has not alleged that Defendant Aurora was either the creditor or an assignee of the creditor. TILA claims are only cognizable against creditors, *see* 15 U.S.C. § 1640(a), and assignees of creditors, *see* 15 U.S.C § 1641(a). *See Gorospe v. Security National Mortgage*, CV No. 10-00506 DAE-BMK, 2011 WL 578844, at *6 (D. Hawaii Feb. 08, 2011). Yet, Plaintiff has not pleaded that Defendant Aurora is a creditor or assignee of a creditor, but rather "a servicing company." (Compl. ¶ 6, ECF No. 1.) Accordingly, Plaintiff's TILA cause of action will be dismissed as to Defendants Aurora and MERS (to the extent it was pleaded against MERS at all). Plaintiff may amend this claim, but only if he has an appropriate basis for alleging that equitable tolling is appropriate and that Defendant Aurora is a creditor or an assignee of a creditor.

    2.  RESPA Claims

    RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614. Violations of sections 2607 and 2608 have a one-year statute of limitations, whereas violations of section 2605 have a three-year statute of limitations. *Id.*

    Plaintiff fails to cite which of these three provisions Defendants violated. Such a failure may itself be sufficient grounds for the dismissal of a RESPA claim. *See Gorospe*, 2011 WL 578844, at *7. The Court and Defendants should not have to speculate as to which provisions Plaintiff is suing under.

    However, regardless of which RESPA provision Plaintiff is suing under, his claims are time-barred because his claims arose out of the origination of his loan but the lawsuit was filed more than three years after that transaction was consummated. Plaintiff has also failed to argue that equitable tolling applies to this claim, nor has he pleaded any facts that would support a finding of equitable tolling.

    Accordingly, Plaintiff's RESPA cause of action will be dismissed as to

Defendants Aurora and MERS.  Plaintiff may amend this claim, but only if he has an appropriate basis for alleging that equitable tolling is appropriate.

### C. State Law Claims

Plaintiff's remaining claims arise under state law.  Indeed, the heart of Plaintiff's case focuses on what he believes was a procedurally improper foreclosure process.  The exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is discretionary, and there is no longer any reason to exercise that jurisdiction here, as the Court has dismissed all of the federal claims pending against all of the properly-served Defendants in this case. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (a district court may exercise its discretion and dismiss state law causes of action under 28 U.S.C. § 1367(c)).  When a lawsuit's federal-law claims are dismissed at an early stage of the litigation, district courts have "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988).

The non-judicial foreclosure process in Nevada is a creation of state law, and it is therefore appropriate to direct Plaintiff's remaining state-law claims to a state tribunal, should he choose to pursue them further.  Accordingly, Plaintiff's state law claims are dismissed without prejudice.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's TILA and RESPA claims are **DISMISSED with leave to amend**.  Plaintiff may file an Amended Complaint correcting the deficiencies in his fourth and fifth causes of action **by August 29, 2011**.  **This is a firm date and no extensions will be given.** Failure to file an Amended Complaint by that date will result in the dismissal of those causes of action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's state law causes of action are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all other motions currently pending in this action are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED** to the extent that it conforms to the above.

DATED this 1st day of August, 2011.

_____
Gloria M. Navarro
United States District Judge